UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHOHJAHONMIRZO ABDUMALIKOV,<br><br>    Defendant. | Case No. 3:24-cv-05786<br><br>COMPLAINT |

### I.   INTRODUCTION

1.   Plaintiff United States of America files this complaint seeking an Emergency Temporary Restraining Order to permit involuntary medical testing and to administer involuntary hydration and nutrition of Defendant Shohjahonmirzo Abdumalikov, a noncitizen lawfully in detention at the Northwest ICE Processing Center ("NWIPC").  Defendant was classified as a hunger striker on July 25, 2024.  His refusal to eat and drink has reached a point where Defendant may suffer serious bodily injury and the Secretary of the Department of Homeland Security ("DHS"), through component agencies, Immigration and Customs Enforcement ("ICE") and the Public Health Service, Division of Immigration Health Services Corps ("IHSC"), or other health care

COMPLAINT
[Case No. 3:24-cv-05786] - 1

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800

providers who are under contract with ICE, need to conduct medical testing is to evaluate him and to administer involuntary hydration and nutrition to preserve his health and life.

2. ICE seeks injunctive relief to provide life-sustaining treatment to Defendant in compliance with is duty under 8 U.S.C. § 1231(f), which authorizes the Attorney General, through ICE, to provide necessary medical treatment to noncitizens in removal proceedings. *See* 8 U.S.C. § 1231(f). In support of this Complaint, Plaintiff alleges as follows:

## II.  JURISDICTION

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States is the Plaintiff. Additionally, this case presents a federal question within the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343. The United States may seek the requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA").

## III.  VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is detained at the NWIPC in Tacoma, Washington.

## IV.  FACTS

5. Defendant is an individual in ICE custody at NWIPC.

6. Defendant is a citizen and national of Uzbekistan. He is presently detained at the NWIPC under the immigration laws. Ex. A, Declaration of Geoffrey White ("White Decl."), ¶ 4. He has been detained at NWIPC since August 8, 2024. *Id.*, ¶ 7.

7. Defendant has been on a self-imposed hunger strike and, as of the morning of September 19, 2024, had missed 179 meals. Ex. B, Declaration of Dr. Eddie Wang ("Wang Decl."), ¶ 7.

8. Since Defendant began his hunger strike, medical staff have unsuccessfully attempted to convince him to end his hunger strike and begin eating food. Wang Decl., ¶¶ 19, 20. It has been explained to Defendant that if he continues the hunger strike, his health will be seriously

COMPLAINT
[Case No. 3:24-cv-05786] - 2

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800

jeopardized, and he may eventually die. *Id.* ¶ 20. Despite repeated efforts to convince him to eat, Defendant has failed to cooperate and expressed his commitment to continue his hunger strike. *Id.*

9. Medical staff has informed Defendant of the involuntary hydration and feeding procedures that will be pursued to prevent injury and/or death to himself should he continue not to eat. Wang Decl., ¶ 9.

10. With limited exceptions, Defendant refuses to consent to IHSC performing physical examinations or obtaining laboratory samples for testing. Wang Decl., ¶¶ 11, 12.

11. Defendant's treating physician at NWIPC believes that it is necessary to perform laboratory tests and physical evaluations to monitor and assess Defendant's clinical condition, intravenous hydration, and involuntary nutrition administered via a nasogastric tube and/or intravenously, as his condition is expected to decline as his hunger strike continues. *See* Wang Decl., ¶¶ 12, 14, 16, 18, 21-24.

12. The United States requests an order allowing these procedures to remain until such time as Respondent discontinues his hunger strike or is no longer detained at NWIPC. Wang Decl., ¶ 24.

### V.  CAUSE OF ACTION

13. Based on the foregoing facts, which are incorporated herein by reference, Plaintiff seeks a declaratory judgment adjudicating the rights and duties of the parties with respect to Defendant's medical care in light of his hunger strike. *See* 28 U.S.C. § 2201.

14. Defendant is being detained at the NWIPC pending his removal proceedings. ICE is authorized to provide medical treatment to noncitizens who require treatment during removal proceedings. 8 U.S.C. § 1231(f); 8 C.F.R. § 241.2(a).

COMPLAINT
[Case No. 3:24-cv-05786] - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

15. There are legitimate government interests in preserving the life of an immigration detainee, maintaining security and orderly operations in immigration detention facilities, and avoiding burdensome and unnecessary litigation.

16. There is a valid and rational connection between these government interests and the above-described involuntary medical examinations, and to use restraints if necessary.

17. The above-described involuntary medical examinations and use of restraints, if necessary, are essential to preserve Defendant's life and health.

## VI.   PRAYER FOR RELIEF

1. Plaintiff requests that the Court issue a declaratory judgment in favor of the United States which recognizes:

   a. Defendant has no right to engage in a life-threatening hunger strike; and

   b. The United States has the right and duty to prevent permanent damage and risk of death to Defendant by performing laboratory tests and physical evaluations to monitor and assess Defendant's clinical condition.

   c. The United States has the right to administer intravenous hydration and involuntary nutrition administered via a nasogastric tube and/or additional nutrients intravenously to preserve Defendant's health and life.

2. That the Court issue a temporary restraining order permitting the United States, through competent medical providers employed or contracted with IHSC, to conduct physical examinations orthostatic vital sign monitoring, weight monitoring, EKG, laboratory testing, urinalysis, blood draws, to administer intravenous hydration and involuntary nutrition administered via a nasogastric tube and/or intravenously, and to restrain Defendant if he resists these efforts to medically examine or treat him.

3. For other such relief as the Court deems appropriate.

COMPLAINT
[Case No. 3:24-cv-05786] - 4

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800

DATED this 19th day of September, 2024.

> Respectfully submitted,
>
> TESSA M. GORMAN
> United States Attorney
>
> *s/ Michelle R. Lambert*
> MICHELLE R. LAMBERT, NYS #4666657
> Assistant United States Attorney
> United States Attorney's Office
> 1201 Pacific Avenue, Suite 700
> Tacoma, Washington 98402
> Phone: (253) 428-3824
> Fax:   (253) 428-3826
> Email:  michelle.lambert@usdoj.gov
>
> *Attorneys for Plaintiff*

COMPLAINT
[Case No. 3:24-cv-05786] - 5

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800