UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　　v.<br><br>SHOHJAHONMIRZO ABDULMALIKOV,<br><br>　　　　　　　　　Defendant. | CASE NO. 3:24-cv-05786-DGE<br><br>ORDER ON MOTION TO SEAL (DKT. NO. 4) |

**I　　INTRODUCTION**

This matter comes before the Court on Plaintiff's motion to seal unredacted versions of (1) Exhibit A to the Complaint, Declaration of Geoffrey White (Dkt. No. 1-3); (2) Exhibit B to the Complaint, Declaration of Dr. Eddie Wang (Dkt. No. 1-4); and (3) Ex Parte Motion for an Emergency Temporary Restraining Order to Provide Involuntary Medical Treatment (Dkt. No. 2). *See* LCR 5(g). For the foregoing reasons, the Court GRANTS Plaintiff's motion.

ORDER ON MOTION TO SEAL (DKT. NO. 4) - 1

## II  BACKGROUND

On September 19, 2020, the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), by and through the United States Attorney for the Western District of Washington, filed an ex parte emergency motion for a temporary restraining order permitting the Government to immediately perform involuntary medical monitoring, testing, and physical examinations, as well as the administration of involuntary hydration intravenously and nutrition via nasogastric tube, for Shohjahonmirzo Abdumalikov, who is currently being held as a civil detainee at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  The Court granted the motion on September 20, 2024 (Dkt. No. 9) and held a preliminary injunction hearing on October 2, 2024.

To "provide the Court the information necessary to adjudicate this case, while protecting Abdumalikov's confidential information," Plaintiff filed the instant motion to seal unredacted versions of documents that contain Abdumalikov's personal health information and information regarding his immigration proceedings (Dkt. No. 4 at 2).  The unredacted Declaration of Dr. Eddie Wang (Dkt. No. 1-4) and the unredacted Ex Parte Motion for an Emergency Temporary Restraining Order to Provide Involuntary Medical Treatment (Dkt. No. 2) include information from Abdumalikov's private medical records.  The unredacted Declaration of Geoffrey White (Dkt. No. 1-3) includes sensitive immigration information, including Abdumalikov's Alien Registration Number.

## III  DISCUSSION

### A. Legal Standard

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  *See Kamakana v. City and Cnty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id*. "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) ("The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so.").

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1097 (quoting *Foltz*, 331 F.3d at 1135). The Ninth Circuit has created an exception to this standard for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1097. Under the exception, a party need only meet a "good cause" standard. *Id*. However, the compelling reason test is applicable in this matter, as the instant motion for injunctive relief is "more than tangentially related to the merits of a case." *Id*. at 1099-1101 (discussing the compelling reasons standard in the context of documents filed to support and oppose a motion for a preliminary injunction.). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. at 1097 (quoting *Nixon v. Warner*

1  *Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  The presence of "sensitive personal information"
2  or information that may be used for "scandalous or libelous" purposes may serve as a compelling
3  reason to seal documents.  *Kamakana*, 447 F.3d at 1182.
4      Plaintiff asserts that "the public's right to access the information regarding
5  Abdumalikov's medical and mental health does not outweigh Abdumalikov's interest in keeping
6  this sensitive information protected." (Dkt. No. 4 at 3.)  The government emphasizes that its
7  redactions are limited to Abdumalikov's private medical information, leaving the public with
8  access to "the main facts of this case, including the government procedures at issue" in the
9  motion for a temporary restraining order.  (*Id*.)  Plaintiff also suggests that the government is
10 generally prohibited from disclosing protected health information under the Health Insurance
11 Portability and Accountability Act of 1996 ("HIPAA") and argues that the Court should not find
12 that any exceptions to the HIPAA privacy rule apply in this case.  (*Id*. at 2.)
13     **B.  Medical Records**
14     "[C]ourts within the Ninth Circuit have 'recognized that the need to protect medical
15 privacy qualifies as a 'compelling reason' for sealing records.'"  *Vega v. Honeywell Int'l, Inc.*,
16 No. 3:19-CV-0663 W (BGS), 2021 WL 6106424, *3 (S.D. Cal. Mar. 23, 2021) (citing *Aguilar v.*
17 *Koehn*, 2018 WL 4839021, *2 (D. Nev. 2018)); *see also A.C. v. City of Santa Clara,* No. 13-CV-
18 03276-HSG, 2015 WL 4076364, *1 (N.D. Cal. July 2, 2015) (finding that confidentiality
19 concerns outweigh the presumption of public access to court records where medical and mental
20 health records are concerned).  Noting the fact that medical records are confidential under
21 HIPAA, some courts have gone so far as to seal medical information sua sponte.  *San Ramon*
22 *Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co*., No. 10–cv–02258–SBA, 2011 WL 89931, at *1
23 n.1 (N.D. Cal. Jan. 10, 2011) ("Although there is a presumption in favor of maintaining public
24

access to court records, [citation] the Court notes that medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996 [citation].  In view of these considerations, the Court finds that the need to protect the Patient's confidential medical information outweighs any necessity for disclosure, and sua sponte seals the aforementioned documents.").  Moreover, upon a review of the caselaw, one district court was unable to find "any cases where medical information was not allowed to be filed under seal under the 'compelling reasons' standard."  *Gary v. Unum Life Ins. Co. of Am.*, No. 3:17-CV-01414-HZ, 2018 WL 1811470, *3 (D. Or. Apr. 17, 2018) (collecting cases).

Balancing the right to public access and the public's interest in open court records against the medical privacy interests of Abdumalikov, the Court finds that Abdumalikov's interest in preserving medical privacy qualifies as a compelling reason to seal the record.  Accordingly, the court GRANTS Plaintiff's motion to seal the unredacted Declaration of Dr. Eddie Wang (Dkt. No. 1-4) and the unredacted Ex Parte Motion for an Emergency Temporary Restraining Order to Provide Involuntary Medical Treatment (Dkt. No. 2).

**C. Immigration Information**

Plaintiff states that the government "redacted specific details relating to the relief from removal that Abdumalikov has sought pursuant to 8 C.F.R. § 208.6." (Dkt. No. 4 at 2 n.1.)  The regulation Plaintiff cites to prohibits the government from disclosing information in asylum applications without an applicant's consent.  *See* 8 C.F.R. § 208.6(a).  The Court finds that the general bar on government disclosure of asylum-application related information evinces the highly sensitive nature of information contained in Abdumalikov's asylum application.  Indeed, as one district court noted, "Defendant USCIS has previously published materials regarding these regulations, where the agency acknowledged that '[p]ublic disclosure of asylum-related

information may subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin.'" *L. K. v. United States Citizenship & Immigr. Servs.*, No. 24-CV-00675-LJC, 2024 WL 1528393, *1 (N.D. Cal. Mar. 14, 2024) (quoting USCIS Asylum Division, *Fact Sheet: Federal Regulation protecting the Confidentiality of Asylum Applicants*, at 2 (Oct. 18, 2012)).  The publication of Abdumalikov's asylum-application related information implicates serious confidentiality concerns and may well put Abdumalikov and his family at risk.

Balancing the right to public access and the public's interest in open court records against the strong privacy interests of Abdumalikov, the Court finds that Abdumalikov's interest in preserving the confidentiality of his asylum application information qualifies as a compelling reason to seal the record.  Accordingly, the court GRANTS Plaintiff's motion to seal the unredacted Declaration of Geoffrey White (Dkt. No. 1-3).[1]

### IV     CONCLUSION

Accordingly, Plaintiff's motion to seal is GRANTED.

Dated this 8th day of October, 2024.

David G. Estudillo
United States District Judge

---

[1] Local Rule 5(g)(3)(A) requires that a party file a certification that they have met and conferred with all other parties in an attempt to reach agreement on the need to file document under seal. The unique circumstances of this case prevented the government from formally conferencing with Abdumalikov prior to filing the instant motion. (Dkt. No. 2 at 4).  In light of these circumstances and the time-sensitive nature of the proceedings, the Court waives the certification requirement.